In re Richard Louis **WILLIAMS,** a/k/a **R.L. Williams,** a/k/a **Rick Williams,** a/k/a **Richard Williams, Debtor.**

Alice **KAHOE,** f/k/a Alice Kahoe Williams, and William J. Dorsey, Plaintiffs,

v.

Richard Louis **WILLIAMS,** a/k/a **R.L. Williams,** a/k/a **Rick Williams,** a/k/a **Richard Williams, Defendant.**

Bankruptcy No. 91–2346–BKC–3P7. Adv. No. 91–329.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 9, 1993.

William J. Dorsey, Jacksonville, FL, for plaintiffs.

Wm. Bruce Muench, Jacksonville, FL, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon the complaint filed by Alice Kahoe and William J. Dorsey pursuant to § 523(a)(5) to determine the dischargeability of debts. A trial was held on September 22, 1992. Upon the evidence presented, the Court makes the following Findings of Facts and Conclusions of Law:

### Findings of Fact

On November 27, 1989, plaintiff Kahoe and defendant's marriage was dissolved by Final Judgment of Dissolution. The parties entered into a Stipulation and Agreement concerning property settlement, child support, and alimony. The terms of the Stipulation and Agreement were incorporated into the Final Judgment.

On January 24, 1990, defendant filed a motion for relief from Final Judgment of Dissolution of Marriage. The motion challenged the disposition of the proceeds from the sale of the marital home and sought an equitable distribution of the assets of the parties. The motion also challenged the Final Judgment on the grounds of fraud. Defendant had been unrepresented during the divorce proceedings and claimed that plaintiff Kahoe and her attorney had misled him.

On February 5, 1990, the state court entered an order on defendant's motion for temporary emergency relief. The order directed that $40,000.00 from the sale of the home be retained in a separate account and not be encumbered or disbursed without further order of the court.

On February 16, 1990, and March 7, 1990, plaintiff Kahoe filed motions for contempt and to enforce specific terms of the Final Judgment of Dissolution of Marriage. The motions alleged that defendant had failed to comply with certain provisions of the Final Judgment, including a failure to provide support for plaintiff Kahoe. An

amended motion with similar allegations was filed on April 16, 1990.

On June 7, 1990, the state court entered an order denying defendant's motion to set aside Final Judgment of Dissolution of Marriage. The court released the $40,-000.00 to plaintiff Kahoe and deferred consideration of plaintiff Kahoe's request for attorneys' fees until further hearing.

On November 26, 1990, the state court then entered an order granting to plaintiff Kahoe attorney's fees and costs. The court granted $5,157.50 in fees and $1,492.50 in costs, for a total of $6,650.00, which defendant was ordered to pay directly to plaintiff Dorsey. The sum was only for fees and expenses incurred by plaintiff Kahoe defending defendant's motion to set aside the Final Judgment of Dissolution.

On January 14, 1991, plaintiff Kahoe filed a motion for contempt in state court for failure of defendant to pay plaintiff Dorsey. The state court entered an amended order on April 22, 1991, finding that defendant had the means to make installment payments and directed defendant to make monthly payments to plaintiff Dorsey in order to satisfy the obligation established in the November 26, 1990, order. The state court also directed defendant to pay an additional $675.00 to plaintiff Kahoe for his services in connection with the contempt motion.

Defendant filed a chapter 7 petition on May 7, 1991, and listed the debt to plaintiff Dorsey on his schedules.

The sole issue before the Court is whether the award of attorney's fees incurred defending an action for relief from Final Judgment of Dissolution and prosecuting a contempt motion are excepted from defendant's discharge pursuant to § 523(a)(5).

### Conclusions of Law

The resolution of this adversary proceeding is governed by 11 U.S.C. § 523(a)(5), which provides:

(a) A discharge ... does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree ... or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...

■ The bankruptcy court must independently assess the character of an obligation arising out of divorce and determine whether it is in the nature of alimony. *In re Harrell*, 754 F.2d 902 (11th Cir.1985).

This Court has held that "unless the obligation to pay a spouse's attorney's fees is clearly in the nature of a property settlement, it will be deemed non-dischargeable." *In re Whitehurst*, 10 B.R. 229, 230 (Bankr. M.D.Fla.1981). Although the obligation at issue in the instant case arises out of a motion for relief from final judgment of dissolution, it is sufficiently tied to the support obligation to be governed by the same standard. *See In re Catlow*, 663 F.2d 960 (9th Cir.1981).

■ The state court determination that defendant should contribute $6,650.00 towards plaintiff Kahoe's attorney's fees is not clearly in the nature of a property settlement. The fees were incurred defending a motion that attacked the Final Judgment of Dissolution. Since the support obligations of defendant were vulnerable during such attack, the cost of the defense was linked to support. Consequently, pursuant to § 523(a)(5), the $6,650.00 debt is excepted from defendant's discharge.

■ In addition the $675.00 awarded to plaintiff Dorsey for his representation of plaintiff Kahoe concerning the contempt motion is also sufficiently tied to support to be included within the purview of § 523(a)(5).

A separate judgment will be entered in accordance with these Findings of Facts and Conclusions of Law.