**In re James F. COMISKY, II, Debtor.**

**Susan P. COMISKY, Plaintiff,**

v.

**James F. COMISKY, II, Defendant.**

Bankruptcy No. 94–12857.
Adv. No. 95–1061.

United States Bankruptcy Court,
N.D. California.

July 13, 1995.

Michael C. Fallon, Santa Rosa, CA, for debtor James F. Comisky, II.

Douglas B. Provencher, O'Brien, Watters, Davis & McCullough, Santa Rosa, CA, for plaintiff Susan P. Comisky.

### MEMORANDUM OF DECISION

ALAN JAROSLOVSKY, Bankruptcy Judge.

Plaintiff Susan Comisky is the former wife of debtor and defendant James Comisky. When they were divorced in 1991, their marital settlement agreement provided that James would have possession of the family home. Susan was to receive $38,619.00 for her share of the community, with $20,000.00 payable in cash upon refinancing and the rest in the form of a note secured by the residence.

James refinanced and paid Susan the $20,000.00 as agreed. However, he was not able to pay the remaining $18,619.00 and filed his Chapter 7 petition on December 9, 1994. The home has been lost to foreclosure. The issue now before the court is whether James' remaining obligation to Susan, now unsecured, is nondischargeable pursuant to section 523(a)(15) of the Bankruptcy Code.

The court begins its analysis by noting that neither James nor Susan is legally or equitably at fault. James is meeting his monthly obligation to pay $772 in support. If the debt to Susan is discharged, she will have received only a little more than half of her entitlement under the marital settlement agreement. On the other hand, if the debt is not discharged James will pay considerably more than the actual value of Susan's community interest; that value was computed using an asset now lost to foreclosure.

James argues that both subsection (A) and subsection (B) to section 523(a)(15) apply, so that his obligation should be discharged. However, the evidence showed that the detrimental consequences to Susan if she is not paid are equal to the benefit to James if he does not have to pay. He has therefore not proved a case under subsection (B); the dischargeability of the debt hinges on whether James has the ability to pay.

The evidence established that James has remarried and his new wife has a

substantial income; that James has full-time, stable employment as a firefighter; and that he has the ability to earn extra money teaching. On the other hand, he is paying $772 in support and has considerable monthly expenses involved in maintaining a household for himself and his two children. His wife is also paying to support her own elderly parents.

When the court examines James' income and expenses, it is clear that he does not have the ability to pay all of his debt to Susan, which is now about $25,000.00 with accrued interest. However, it is equally clear that over a reasonable period of time he could afford to pay part of the debt. The issue before the court is therefore whether section 523(a)(15)(A) mandates judgment for the debtor if he cannot pay the whole debt, or whether the court can fashion an equitable remedy whereby part of the debt is discharged and part is not.

There are no appellate cases dealing with section 523(a)(15), as the section has only been in effect some nine months. No other bankruptcy courts have published decisions dealing with the issue. However, the court finds analogous cases regarding student loan issues to be helpful in deciding this case.

Section 523(a)(8) of the Code is similar to section 523(a)(15) in that it provides for a nondischargeable debt with two exceptions. It provides that a student loan is not dischargeable unless it is either more than seven years old or making the debt nondischargeable would impose an undue hardship on the debtor. In *In re Yousef*, 174 B.R. 707 (Bkrtcy.N.D.Ohio 1994), Bankruptcy Judge Speer held that where the debtor would suffer undue hardship if forced to pay all of the student loan, but could pay part of it, the court has discretion to declare only part of the debt nondischargeable. This approach seems fair and sound, and is directly applicable to the issue now before this court.

Moreover, several bankruptcy court have held that in appropriate cases the court may both find a nondischargeable debt and limit the enforcement of the judgment. See, e.g., *Matter of Sands*, 166 B.R. 299 (Bkrtcy. W.D.Mich.1994); *In re Webb*, 132 B.R. 199 (Bkrtcy.M.D.Fla.1991). These cases also seem applicable in principle to the issue here.

James' income and expenses indicate that he has between $200 and $300 in disposable income each month. Over a reasonable time, he therefore has the ability to satisfy a debt to Susan of about $10,000.00. Being persuaded by the cases cited above that a harsh "all or nothing" result is not mandated by section 523(a)(15), the court finds that James' debt to Susan is nondischargeable in the sum of $10,000.00, with the balance of the debt discharged. Further, the judgment the court will enter will provide that Susan shall take no action to enforce it so long as James pays her at least $200 per month until the debt is paid in full, together with interest at the legal rate. Each side shall bear his or her own attorneys' fees and costs.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Susan shall submit an appropriate form of judgment which counsel for James has approved as conforming to this decision.