In the Matter of Thelma I.
McGINNIS, Debtor.

Gerald G. McGINNIS, Plaintiff,

v.

Thelma I. McGINNIS, Defendant.

Bankruptcy No. 95–82529.
Adv. No. 95–80275.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

April 23, 1996.

Michael E. Lee, Huntsville, AL, for plaintiff.

Jackie D. Ferguson, Ferguson & Ferguson, Huntsville, AL, for defendant.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on a complaint filed by Gerald McGinnis ("Plaintiff"), requesting the Court to determine that an obligation incurred by debtor/defendant, Thelma McGinnis ("Debtor"), pursuant to the parties divorce decree is nondischargeable pursuant to 11 U.S.C. § 523(a)(15) of the United States Bankruptcy Code. The trial in this matter was held on the 2nd day of April, 1996. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1).

In his complaint, Plaintiff alleges that the Debtor has the ability to pay the debt owed to the Plaintiff from income or property of the Debtor not reasonably necessary for the support of the Debtor, and that the benefit of the discharge to the Debtor does not outweigh the detrimental consequences that would result therefrom to the Plaintiff. Accordingly, the Plaintiff seeks to have the Debtor's obligation excepted from discharge under section 523(a)(15) of the Bankruptcy Code.

Upon due consideration of the evidence presented at trial, arguments of counsel, and the documents submitted in support thereof, the Court makes the following findings of facts and conclusions of law.[1]

## I. FACTUAL BACKGROUND

On April 18, 1995, the Plaintiff and the Debtor were divorced pursuant to a decree entered by the Circuit Court of Limestone County, Alabama. The Debtor is obligated, under paragraph 5 of the Divorce Decree, to pay Plaintiff $17,370.00 "as property settlement and reimbursement of expenses." Also, pursuant to paragraph 6 of the Decree, the Debtor shall pay the sum of $1,400.00 to Plaintiff for attorneys fees.

On September 20, 1995, Debtor filed a petition for relief under Chapter 7 of Title 11, of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). Debtor listed the Plaintiff as a general unsecured creditor in Schedule F. The amount of the Plaintiff's claim is listed in said schedule as $18,906.00, and is designated as a garnishment arising from a divorce settlement. On December 8, 1995, Plaintiff filed a complaint to determine the dischargeability of said debt with this Court.

The Debtor is employed by Sparta, Inc., as a secretary. At the time of filing the petition on September 20, 1995, Debtor earned approximately $1,516.67, and Debtor's normal monthly expenses were $1,165.15, with disposable income in the amount of $351.52. In anticipation of this trial, Debtor prepared an amended budget in which Debtor indicated that her current income is $1,366.00, with normal monthly expenses of $1,412.00 for a monthly deficit of $46.00.

In Schedule C of her bankruptcy petition, Debtor listed SouthTrust Bank of Alabama as her only secured creditor. SouthTrust holds a secured claim in the amount of $7,000.00 with the Debtor's 1994 Chevrolet S–10 truck as collateral. Debtor reaffirmed the SouthTrust debt.

In addition to the unsecured claim of Plaintiff, Debtor listed unsecured claims in

1. The following Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

the total amount of $18,193.36 in Schedule E. In this schedule of unsecured debt, Debtor included her Sears credit card obligation of $547.43, and a debt to Redstone Federal Credit Union of $13,000.00, on which Debtor is obligated with Plaintiff as a co-signer. Debtor reaffirmed her unsecured debt to Sears, and it is uncontroverted that Plaintiff is paying the Redstone obligation. Accordingly, the Debtor filed her Chapter 7 petition in an attempt to discharge the obligation to Plaintiff and approximately $5,700.00 in other unsecured debt.

During the term of his marriage to the Debtor, Plaintiff was employed by Boeing as a Division Manager, and earned approximately $60,000.00 per annum. On or about December 2, 1994, Plaintiff was terminated from Boeing. Since that time, Plaintiff has sought employment commensurate with his education and experience. Despite Plaintiff's efforts, no such employment has come to fruition. To survive, Plaintiff accepted employment as a salesman, earning $7.50 per hour or approximately $800.00 per month at a retail, discount computer store. Plaintiff's total expenses are approximately $1,100.00 to $1,150.00 per month.

The Plaintiff has two adult children, ages 23 and 19, from a previous marriage. The plaintiff owes $2,200.00 in back child support to his former wife. Both of Plaintiff's children are enrolled in college. The Plaintiff testified that he assists his children with their financial obligations when he is financially able.

In addition to providing assistance to his children when possible, Plaintiff testified that he incurs the following monthly expenditures: (a) Utilities—$200; (b) Telephone—$30–40; (c) Food—$200; (d) Transportation—$200; (e) Line of Credit—$260; (f) MasterCard; $100; (g) Visa—$50; (h) Redstone—$75–100. Plaintiff does not have a monthly rent or mortgage obligation. Instead, Plaintiff testified that he is currently residing with and sharing the expenses for maintaining a residence with another person. Plaintiff is responsible for the utilities while his house-mate pays the mortgage.

## II. CONCLUSIONS OF LAW

Based upon the foregoing, Plaintiff asserts that grounds for denying the discharge of the subject debt exists under 11 U.S.C. § 523(a)(15). Congress added section 523(a)(15) to the Bankruptcy Code by the Bankruptcy Reform Act of 1994, thereby excepting from discharge certain marital property settlements. Pub.L. No. 103–394. The amendment provides that debts incurred by the debtor in the course of a divorce or separation, or in connection with a separation agreement, divorce decree or other court order entered by a court of record, are nondischargeable. Thus, property settlements that were previously dischargeable are now excepted from discharge unless:

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

11 U.S.C. § 523(a)(15).

Upon the evidence presented and for the reasons stated below, the Court finds that the indebtedness owed by the Debtor to the Plaintiff is nondischargeable in the sum of $10,800.00, with the balance of the debt discharged whereby:

1. The Debtor has the ability to pay a portion of the debt owed to the Plaintiff from income or property of the Debtor not reasonably necessary for the support of the Debtor. The Debtor has approximately $300.00 per month in disposable income.

2. The benefit of the discharge to the Debtor does not outweigh the detrimental consequences that would result from the discharge to the Plaintiff. The Plaintiff will not be able to satisfy his monthly obligations if the subject debt is discharged because he does not have the ability to reduce any of his expenditures

absent the filing of his own bankruptcy petition.

## A. BURDEN OF PROOF

Since the enactment of section 523(a)(15), several bankruptcy judges have published cases interpreting the new exception to discharge. The initial question that arises with regard to section 523(a)(15) is where the burden of proof lies.

■ To effectuate the fresh start policy of the Bankruptcy Code, objections to discharge are strictly construed against an objecting creditor and are liberally construed in favor of the debtor. *Taylor v. Taylor (In re Taylor)*, 191 B.R. 760 (Bankr.N.D.Ill.1996). Thus, ordinarily the creditor has the burden of proving each element of its dischargeability action by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). However, section 523(a)(15) sets up a rebuttable presumption of nondischargeability upon the filing of an adversary proceeding. *Straub v. Straub (In re Straub)*, 192 B.R. 522 (Bankr.D.N.D. 1996). Thus, the non-debtor spouse bears the initial burden of establishing that the debt arose in the course of a separation agreement, divorce decree, or other court order. Thereafter, the burden of coming forth shifts to the debtor to demonstrate that the debtor lacks the ability to pay the obligation or that the benefit of the discharge would outweigh the detrimental consequence to the non-debtor spouse.[2] *See In re Anthony*, 190 B.R. at 432; *Humiston v. Huddelston (In re Huddelston)*, 194 B.R. 681 (Bankr.N.D.Ga.1996); *Becker v. Becker (In re Becker)*, 185 B.R. 567 (Bankr.W.D.Mo. 1995); *In re Carroll*, 187 B.R. 197 (Bankr. S.D.Ohio 1995).

In this case the parties stipulated to the fact that the subject debt was incurred in the context of a divorce proceeding, and that the debt is not of the kind described in section 523(a)(5). Neither party believes the debt to be anything other than an unpaid property settlement obligation. Thus, the Plaintiff has met his burden of proof under section 523(a)(15), and the burden of proof has shifted to the Debtor to establish her entitlement to a discharge under either subsection of 523(a)(15).

## B. APPLICABLE DATE FOR MEASUREMENT OF INCOME

Courts which have addressed the ability to pay issue have adopted a modified version of the "disposable income" test of 11 U.S.C. § 1325(b)(2). *Id.* The disposable income test case law of section 1325(b) provides that an examination of a debtor's ability to pay is based upon the debtor's "projected income as measured at the effective date of the plan." *In re Huddelston*, 194 B.R. at 686.

■ Some courts have limited the date for measuring the ability of the debtor to pay a property settlement under section 523(a)(15) to the debtor's financial condition as of some fixed point in time, such as the date the complaint was filed. *See In re Hill*, 184 B.R. 750 (Bankr.N.D.Ill.1995). This Court believes, however, that the Court's "inquiry in this matter is not controlled by [a] mere 'snapshot' of the debtor's financial strength as of a single moment in time." *In re Smither*, 194 B.R. 102, 107 (Bankr.W.D.Ky.1996). As explained by the *Smither* court "[u]nlike Chapter 13 cases, where, if a debtor's finances improve or deteriorate, plan payments can be adjusted over the term of the plan, the court has no ability to revisit a debtor's financial circumstances after the conclusion of the trial on the 11 U.S.C. § 523(a)(15) issues." *Id.* Accordingly, this Court will not restrict its review of the Debtor's financial condition as of some historical point in time, but instead will examine the Debtor's current and future circumstances. *See Collins v. Florez (In re Florez)*, 191 B.R. 112, 115 n. 5 (Bankr.N.D.Ill.1995) ("[t]he logical interpretation of the statute must contemplate the ability to pay the nondischargeable obligation over a period of time").

---

2. In the case of *In re Anthony*, 190 B.R. 429, 432 (Bankr.N.D.Ala.1995) Judge Cohen reasoned that it would be unreasonable to place the burden of proof on the non-debtor spouse because the non-debtor spouse has no interest in proving that the debtor does not have the ability to pay the debt nor that the benefit to the debtor outweighs the detriment to the non-debtor spouse.

## C. PARTIAL DISCHARGE

Another question which arises with regard to section 523(a)(15) is whether a debt can be partially discharged. In reviewing the various decisions which have been published since the enactment of section 523(a)(15), it appears that bankruptcy courts are divided over whether the student loan hardship analysis provided in section 523(a)(8) of the Bankruptcy Code may be used to construe section 523(a)(15). In the case of *In re Comisky,* 183 B.R. 883 (Bankr.N.D.Cal.1995), the court adopted the student loan analysis, and fashioned an equitable remedy of partial, rather than full, discharge. The court, in quoting various student loan cases, noted that where the debtor would suffer undue hardship if forced to pay the entire student loan, but could afford to pay part of the loan, the court has the discretion to declare only a portion of the debt nondischargeable.

Thus, the bankruptcy court undertook to examine the debtor's income and expenses and found that the debtor had only between two and three hundred dollars in disposable income each month. The bankruptcy court found that the debtor could pay his disposable income over a reasonable time and, therefore, had the ability to satisfy a portion of the debt to his ex-spouse.

Some courts have criticized this approach stating that the law does not allow for a partial discharge approach, and should be an all or nothing test depending on the facts. *Hill v. Hill (In re Hill),* 184 B.R. 750 (Bankr. N.D.Ill.1995); *In re Silvers,* 187 B.R. 648 (Bankr.W.D.Mo.1995). However, this Court refuses to take an "all or nothing" approach because the same is not mandated by section 523(a)(15). *See In re Smither,* 194 B.R. 102 (Bankr.W.D.Ky.1996) (noting that the adoption of an all or nothing approach "is clearly contrary to dictates of reasonable statutory interpretation as well as 11 U.S.C. § 523(a)(15)'s legislative history").

■ This Court shall join the *Comisky* and *Smither* decisions by holding that "a Debtor has the ability to pay an obligation, for purposes of 11 U.S.C. § 523(a)(15), if the Debtor has sufficient disposable income to pay all or a material part of the property settlement within a reasonable amount of time." *In re Smither,* at 107. Accordingly, if the debtor is only able to pay a portion of the subject debt, the court may discharge or modify the remainder of the obligation.

## D. ABILITY TO PAY: 11 U.S.C. § 523(a)(15)(A)

■ Given the above stated guidelines, the Court must now determine whether paying the subject debt would reduce the Debtor's income below the amount which is necessary for her support pursuant to section 523(a)(15)(A). This determination must be made on a case-by-case basis. *Florio v. Florio (In re Florio),* 187 B.R. 654 (Bankr. W.D.Mo.1995). Since she filed her bankruptcy petition, the Debtor testified that her expenses have changed as follows:

| Item | Bankruptcy Schedule | New Budget | Change |
|---|---|---|---|
| Rent | 375.00 | 375.00 | .00 |
| Auto Payment | 199.79 | 200.00 | +.21 |
| Auto Insurance | 67.36 | 68.00 | +.64 |
| Renter's Insurance | .00 | 13.00 | +13.00 |
| Telephone | 25.00 | 65.00 | +40.00 |
| Utilities | 60.00 | 90.00 | +30.00 |
| Cable | .00 | 21.00 | +21.00 |
| Food | 250.00 | 440.00 | +190.00 |
| Gas | 60.00 | 40.00 | −20.00 |
| Prescriptions | .00 | 10.00 | +10.00 |
| Hair Products | .00 | 38.00 | +38.00 |
| Sears | .00 | 22.00 | +22.00 |
| Dry Cleaning | 50.00 | 30.00 | −20.00 |
| Medical | 30.00 | .00 | −30.00 |
| Health Insurance | 48.00 | .00 | −48.00 |
| TOTAL | 1,165.15 | 1,412.00 | +246.85 |

After reviewing the Debtor's bankruptcy schedules and current budget, the Court believes that the Debtor has failed to satisfy her burden of proof under section 523(a)(15)(A). She can reduce her standard of living from the budget which she prepared in anticipation of this trial, to her standard of living at the time she prepared her bankruptcy schedules.

In her bankruptcy schedules, Debtor indicated that she had disposable income in the amount of $351.52. The Debtor's bankruptcy petition was filed in September of 1995. Debtor prepared a new budget, dated March 15, 1996, which indicates that she has a monthly deficit of $46.00. Thus, according to the Debtor she currently does not have any disposable income.

Approximately $150.00 of the $300.00 change in Debtor's disposable income is at-

tributable to a reported change in her income. According to the Debtor, her change in income is a result of her employer's current inability to authorize overtime work. At the time the Debtor prepared her bankruptcy petition, she had been employed by Sparta, Inc. for approximately two months. Apparently, the Debtor was working overtime when she prepared her bankruptcy petition. According to the Debtor, she is currently not receiving any overtime from her employer. However, she did indicate that she may receive overtime in the near future. The Court notes that the Debtor did not proffer any documentary proof of her change in income. Further, the Court believes that she has the ability to make the income she reported on her initial petition.

The Debtor also increased her reported expenses by approximately $250.00. The Debtor substantially increased her food expenditure from $250.00 to $440.00 in her March budget. The Debtor estimates that she spends approximately $100.00 of this food budget on lunches at work. During the trial, the Debtor admitted that this is an area in which she could perhaps reduce her standard of living. Although the Court does not believe that the Debtor is living an extravagant lifestyle, the Court nonetheless, does believe that there are areas in which the Debtor can reduce her standard of living in order to partially satisfy her debt to the Plaintiff. Accordingly, the Court finds that the Debtor has not satisfied her burden of proof under subsection (A) of section 523(a)(15).

### E. § 523(a)(15)(B)

▇ Next, the Court must determine whether the benefit of the discharge to the Debtor outweighs the detrimental consequence to the Plaintiff pursuant to section 523(a)(15)(B). In *In re Smither*, Judge Dickinson wrote that:

> [T]he best way to apply the 11 U.S.C. § 523(a)(15)(B) balancing test is to review the financial status of the debtor and the creditor and compare their relative standards of living to determine the true benefit of the debtor's possible discharge against any hardship the . . . former

> spouse . . . would suffer as a result of the debtor's discharge. If, after making this analysis, the debtor's standard of living will be greater than or approximately equal to the creditor's if the debt is not discharged, then the debt should be nondischargeable under the § 523(a)(15)(B) test . . .

*Id.*

Here, the detrimental consequences to the Plaintiff are significant. Although the Plaintiff does not have a rent or mortgage obligation, his monthly expenditures exceed his income by approximately $330.00 per month. A substantial portion of the Plaintiff's income is consumed by the repayment of fixed debts. From a review of the Plaintiff's budget, there does not appear to be any area in which he can reduce his expenses. Accordingly, if the Debtor obtains a discharge of the marital property settlement, there is a substantial likelihood that Plaintiff may also find it necessary to file a bankruptcy petition. Although the Court does not believe that the Debtor is living an extravagant lifestyle, it does appear that the Debtor does have disposable income from which she can satisfy a portion of the debt to the Plaintiff.

In reviewing all of the facts in the matter, the Court cannot conclude that discharging the subject debt would result in a benefit to the debtor that outweighs the detrimental consequences to her former spouse. Accordingly, the Court finds that the debtor has disposable income in the amount of $300.00, and that the debt to Plaintiff is nondischargeable in the amount of $10,800.00.