**In the Matter of Dale SMITH, Debtor.**

**Annie Mae SMITH, Plaintiff,**

v.

**Dale SMITH, Defendant.**

**Bankruptcy No. 96–42099.**
**Adversary No. 96–4181.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Oct. 15, 1997.

Christian J. Steinmetz, Savannah, GA, for Plaintiff.

Stephanie Blair, Garden City, GA, for Defendant.

### ORDER ON COMPLAINT TO DETERMINE DISCHARGEABILITY

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

This adversary proceeding was filed on October 2, 1996. The underlying Chapter 13 petition was filed August 23, 1996, prior to which Debtor and Annie Mae Smith divorced after 14 years of marriage. A total divorce which included provisions for alimony, support, and division of property was signed by the Honorable Charles B. Mikell, Jr., on September 28, 1995, *nunc pro tunc* August 31, 1995. The decree awarded periodic alimony to the wife in the amount of $300.00 per month for 36 months. As equitable division of property, the decree also awarded to the wife the marital residence located at 20 Friar Tuck, Savannah, Georgia. The decree did not state specifically who was obligated to maintain the monthly mortgage payments on the property; however, as part of a temporary order in the same case, the husband had been ordered to make those monthly mortgage payments. Following the divorce neither party made timely mortgage payments and the house was ultimately lost through foreclosure on the part of the holder of the first deed to secure debt.

After this adversary proceeding was filed, the parties agreed to an order lifting the automatic stay so that they could obtain clarification of the ambiguity in the divorce decree concerning who was obligated to make the monthly mortgage payments. This Court entered an order lifting the stay on December 19, 1996. Thereafter, a declaratory judgment action was tried before Judge Mikell and by final order signed on August 19, 1997, Judge Mikell held that the Debtor, Dale Smith, is indebted to the Plaintiff, An-

nie Mae Smith, in the sum of $62,000.00. The parties are back before this Court seeking a determination as to whether that obligation is dischargeable under 11 U.S.C. § 523(a)(5). In that regard the evidence revealed that at the time of the divorce the Debtor's income was approximately $44,000.00 a year with a base salary of $3,700.00 per month and the balance in overtime and the wife's income was $1,200.00 per month. They had been married 14 years and had one minor child at the time of the divorce. The husband was awarded custody of the minor child and there was no provision for the payment of child support by the wife. The monthly mortgage payment prior to foreclosure was $540.00 per month. As a result of the foreclosure Plaintiff/Wife was forced to relinquish possession of the home and reoccupy a house that she had owned at the time of the parties' marriage; therefore she was deprived of the use of the marital home at 20 Friar Tuck and lost the benefit of $375.00 in rental income which she received from her other home.

### Legal Framework of Domestic Issues in Bankruptcy

11 U.S.C. §§ 523(a)(5) and (15) provide:

(a) A discharge under section 727, 1141, 1228[a] 1228(b), or 1328(b)[1] of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

(15) not of the kind described in paragraph (5) that is incurred by the debtor in

the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

Prior to the enactment of subsection (15), the determination of whether a debt was considered support, either in the form of alimony or child support, was dispositive. If the debt was held to be alimony or child support then it was non-dischargeable. If not, then it was not within an exception and was therefore discharged. 11 U.S.C. §§ 727, 523. A bankruptcy court was only to perform a "simple inquiry" to determine if the debt could be legitimately characterized as support at the time of the divorce. See In re Harrell, 754 F.2d 902 (11th Cir.1985).

The passage of subsection (15) introduced a far different analytical exercise. If a debt fails to qualify under Harrell as being actually in the nature of support, Subsection (15) provides that there is no per se rule discharging the debt. A bankruptcy court must instead engage in a two-part test (1) to determine debtor's current ability to pay, and (2) to balance the relative benefit and detriment of a discharge.

First, it is important to note that a true pre-petition division of property, which is not subject to challenge as a voidable preference

---

**1.** 11 U.S.C. § 1328(a)(2) excepts Section 523(a)(5) debts but does not except Section 523(a)(15) debts.

or fraudulent conveyance, is unaffected by bankruptcy. Thus, if title to property is awarded through the course of domestic relations proceedings, that award ordinarily will be unaffected. *See Bush v. Taylor,* 912 F.2d 989 (8th Cir.1990); *see also Matter of Hall,* 51 B.R. 1002 (S.D.Ga.1985) (under Georgia divorce law property delivered to spouse upon "equitable distribution" becomes sole and separate property of that spouse). The typical issue, however, is whether an order requiring a debtor to pay a debt that encumbers an award of property made during divorce proceedings is dischargeable.

■ Because the state has a strong interest in domestic relations matters, bankruptcy courts are to grant great deference in deciding cases involving divorce, alimony, child support, child custody, establishment of paternity, etc. *See Carver v. Carver,* 954 F.2d 1573, 1579 (11th Cir.1992), *cert. denied* 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (U.S.Ga.1992) ("Nor was it the intent of the new Bankruptcy Code to convert the bankruptcy courts into family or domestic relations courts—courts that would in turn willy-nilly, modify divorce decrees of state courts insofar as these courts had previously fixed the amount of alimony and child support obligations of debtors").

### I. *Burden of Proof*

■ The burden of proof in establishing the Section 523(a)(5) or (15) exception is on the non-debtor spouse. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). However, although exceptions from discharge are normally construed strictly against the objecting creditor in order to provide the debtor with a "fresh start," *see In re St. Laurent,* 991 F.2d 672, 680 (11th Cir.1993), policy considerations require a bankruptcy court to construe domestic relations exceptions more liberally. *In re Kline,* 65 F.3d 749, 751 (8th Cir.1995); *In re Miller* 55 F.3d 1487, 1489 (10th Cir.1995), *cert. denied,* 516 U.S. 916, 116 S.Ct. 305, 133 L.Ed.2d 210 (1995).

■ Because of passage of Section 523(a)(15), all debts arising from a divorce or separation agreement or a decree are *prima facie* non-dischargeable. *Matter of Cleve-land,* 198 B.R. 394, 397 (Bankr.N.D.Ga.1996). Under Section 523(a)(5), the non-debtor spouse must show that the obligation in issue is actually in the nature of support; however, under Section 523(a)(15), the non-debtor spouse must only show that the debt was incurred during the course of a divorce or separation. *See In re Stone,* 199 B.R. 753, 783 (Bankr.N.D.Ala.1996). If this burden is met, the burden of going forward shifts to the debtor to either rebut the evidence that the provision is actually in the nature of support under Section 523(a)(5) or offer a *prima facie* case in support of either exception under Section 523(a)(15). *See Id.* at 783; *In re Gantz,* 192 B.R. 932, 936 (Bankr. N.D.Ill.1996); *In re Anthony,* 190 B.R. 429, 432 (Bankr.N.D.Ala.1995). The ultimate burden remains with the creditor seeking to except the debt from discharge. *See In re Stone,* 199 B.R. at 783. The relevant time for making the Section 523(a)(5) analysis is the time of the decree, *see In re Harrell,* 754 F.2d at 902, and the Section 523(a)(15) analysis is the date of the trial in bankruptcy. *See In re Dressler,* 194 B.R. 290 (Bankr.D.R.I. 1996); *In re Morris,* 193 B.R. 949, 952 (Bankr.S.D.Cal.1996). *Cf. In re Walford,* Adv. Pro. No. 97–01026A (Bankr.S.D.Ga. Aug. 29, 1997) (Dalis, C.J.) (holding that relevant time is at bankruptcy petition date, but does not preclude consideration of disposable income at time of trial.)

### II. *Section 523(a)(5)*

■ Whether a debt is dischargeable pursuant to Section 523(a)(5) is still a matter of federal law, not state law. *In re Harrell,* 754 F.2d at 905. In that regard, the bankruptcy court must independently assess the character of an obligation arising out of a divorce and determine whether it is in the nature of alimony. *See Id.* at 905; *In re Williams,* 151 B.R. 605, 607 (Bankr.M.D.Fla. 1993). Section 523(a)(5) requires that the bankruptcy court determine nothing more than whether the payment obligation is in the nature of "alimony, maintenance, or support." No precise inquiry into the parties' present financial circumstances is required; only a simple inquiry into the nature of the obligation, liquidating known amounts and

leaving any issue of future modifications to the applicable state court. *In re Harrell*, 754 F.2d at 907 (11th Cir.1985); *In re Christison*, 201 B.R. 298 (Bankr.M.D.Fla.1996).

■ In determining whether a debtor's obligation is in the nature of support, the intent of the parties [or the trier of fact] at the time of the settlement agreement or trial is dispositive. *In re Sternberg*, 85 F.3d 1400, 1405 (9th Cir.1996); *In re Sampson*, 997 F.2d 717, 723 (10th Cir.1993) ("the critical inquiry is the shared intent of the parties at the time the obligation arose"). While a label placed upon spousal obligation is not dispositive in determination of dischargeability, it is indicative of the parties' intent. *See Matter of Bell*, 189 B.R. 543, 547 n. 2 (Bankr. N.D.Ga.1995); *In re MacDonald*, 194 B.R. 283, 287 (Bankr.N.D.Ga.1996).

■ The most critical factors to be considered in interpreting the intent of the provision in issue include: (1) any disparity in parties' earning capacities; (2) parties' relative business or employment opportunities; (3) parties' physical condition; (4) their educational background; (5) their probable future financial needs; (6) benefits that each party would have received if marriage had continued. *Matter of Dennis*, 25 F.3d 274 (5th Cir.1994), *cert. denied*, 513 U.S. 1081, 115 S.Ct. 732, 130 L.Ed.2d 636 (1995); *see also In re Bedingfield*, 42 B.R. 641 (S.D.Ga. 1983) (holding that a court should also consider whether the obligation terminates upon death or remarriage).

### III. *Section 523(a)(15)*

■ If the Court finds that an obligation is not actually in the nature of support, the debt is dischargeable under Section 523(a)(5). It is, nevertheless, excepted from discharge under Section 523(a)(15) unless an exception to the exception is established.

#### (a) *Section 523(a)(15)(A); Ability to Pay*

■ Under Section 523(a)(15)(A), an obligation arising from a division of property may be discharged if a debtor can demonstrate that debtor does not have the ability to pay such debt due to other reasonably necessary expenses. In these instances, courts have adopted a twofold analysis. First, using the disposable income test, a court must determine "whether the debtor's budgeted expenses are reasonably necessary." *In re Hill*, 184 B.R. 750, 755 (Bankr.N.D.Ill.1995). Second, Section 523(a)(15)(A) requires a court to consider a debtor's "ability to pay." 11 U.S.C. § 523(a)(15). In that regard, a court must view the debtor's general "ability to pay" and not permit the debtor to rely on a "snapshot" of his financial abilities at the time of filing. *See In re Smither*, 194 B.R. 102, 107 (Bankr.W.D.Ky.1996) (holding that court must consider prospective earning capacity rather than a snapshot); *In re Anthony*, 190 B.R. 433 (Bankr.N.D.Ala.1995). I adopt the holding of my colleague, Chief Judge Dalis, that factors affecting ability to pay include:

> (1) disposable income at the time of trial;
>
> (2) presence of more lucrative employment opportunities;
>
> (3) any relief of debt expected in short term; and
>
> (4) the extent to which the debtor has made a good faith attempt to obtain employment to satisfy the debt.

*In re Walford*, Adv. Pro. No. 97–01026A (Bankr.S.D.Ga. Aug. 29, 1997). If, after excluding expenses reasonably incurred, a court determines that a debtor does not have the "ability to pay," the debt is discharged. If the debtor has the "ability to pay," debtor still may attempt to discharge the debt pursuant to Section 523(a)(15)(B).

#### (b) § *523(a)(15)(B); Balancing Benefit/Detriment*

■ Under Section 523(a)(15)(B), a debtor may discharge the obligation if it is demonstrated that the benefit of a discharge outweighs the detrimental consequences to the objecting party. This section essentially requires a court to "balance the equities" by considering a number of factors, including income and expenses of both parties; whether the non-debtor spouse is jointly liable on the debts; the number of dependents; the nature of the debts; the reaffirmation of any debts; and the non-debtor spouse's ability to pay. *See In re Hill*, 184 B.R. at 756; *See*

*also In re Adams,* 200 B.R. 630 (N.D.Ill. 1996); *Taylor v. Taylor,* 199 B.R. 37, 41 (N.D.Ill.1996); *In re Custer,* 208 B.R. 675, 682 (Bankr.N.D.Ohio 1997); *In re Cleveland,* 198 B.R. 394, 400 (Bankr.N.D.Ga.1996); *In re Smither,* 194 B.R. at 110–11.

### IV. *Partial Discharge*

■ Courts are split as to whether to permit a partial discharge pursuant to Section 523(a)(15)(A) because a debtor may possess only the "ability to pay" a portion of the indebtedness. Most courts hold that the language of the statute does not provide for a partial discharge and, therefore, discharge pursuant to § 523(a)(15) should follow an "all or nothing" approach. *See In re Silvers,* 187 B.R. 648, 649 (Bankr.W.D.Mo.1995); *In re Taylor,* 191 B.R. 760, 767 (Bankr.N.D.Ill. 1996), *aff'd,* 199 B.R. 37 (N.D.Ill.1996). However, some courts attempt to fashion an equitable remedy by discharging only the portion of the debt that the debtor has no "ability to pay." *See In re Comisky,* 183 B.R. 883, 884 (Bankr.N.D.Cal.1995); *Matter of McGinnis,* 194 B.R. 917, 921 (Bankr.N.D.Ala.1996). After considering both lines of authority, I hold that because of the language of the statute, considerations of comity, and the fact that a party may still modify a support decree in State Court after a Section 523 determination, a partial discharge should not be permitted.[2]

### V. *Modification of State Decree Post Discharge*

■ Pursuant to Georgia law parties may modify a divorce decree of support upon "showing a change in the income and financial status of either former spouse." O.C.G.A. § 19–6–19. Clearly, a discharge of a debtor's debts, including divorce obligations, changes the financial status of the non-debtor ex-spouse and, therefore, may be

relied upon in a state court proceeding to modify a divorce decree of alimony, support, or maintenance without violating the discharge injunction of 11 U.S.C. § 524. *See In re Siragusa,* 27 F.3d 406 (9th Cir.1996) (holding that post-bankruptcy alimony modification does not violate discharge injunction); *See also In re Reak,* 92 B.R. 804, 806 (Bankr. E.D.Wis.1988) ("If the foregoing scenario [discharge of property settlement] occurs, [Debtor's ex-wife] may seek a modification of the divorce judgment from the state court with respect to the debtor's obligations for maintenance and support."); *In re Danley,* 14 B.R. 493, 494–95 (Bankr.D.N.M.1981) (where state court's divorce decree reserved jurisdiction to deal with changed circumstances, bankruptcy discharge is such a changed circumstance as to permit state court action.); *Eckert v. Eckert,* 144 Wis.2d 770, 778, 424 N.W.2d 759, 762 (App.1988), *review denied,* 145 Wis.2d 916, 430 N.W.2d 351 (1988); *Dickson v. Dickson,* 23 Va.App. 73, 80, 474 S.E.2d 165, 169 (1996). *But see In re Brabham,* 184 B.R. 476 (Bankr.D.S.C. 1995) (husband violated discharge injunction when he sought to modify property settlement provisions of divorce decree).

### CONCLUSION

■ In this case, Judge Mikell, while terming the provisions of the decree regarding the home an equitable division of property, found that the foreclosure of the property did not extinguish the Debtor's obligation to pay the mortgage and found Debtor obligated in the amount of $62,000.00 for the failure to service the debt. In light of the foregoing authority, I find that Debtor's obligation was actually in the nature of support and the $62,000.00 debt is therefore non-dischargeable. Although it was described as an equitable division, the effect of the award was to

---

2. I am aware of my colleague, Judge Walker's, opinion in *In re Rivers,* 213 B.R. 616 (Bankr. S.D.Ga.1997) (partial discharge allowed in student loan payment); however, assuming without deciding that I adopt such reasoning in the student loan context, I find it distinguishable in the context of alimony and support. Alimony and support are inherently the domain of the state and state court processes are entitled to great deference; thus a bankruptcy court should limit

its role in domestic relations matters to the narrowest role possible under the statute. The Code requires a bankruptcy court to determine dischargeability; however, for this Court to grant *partial* discharge is not clearly authorized by the Code. Since it is not, and because such an exercise duplicates much of the state court role in deciding if and how to modify a decree, I find it an impermissible intrusion for this Court in the context of a dual state-federal judicial system.

provide additional support to the wife. *See generally In re Brody*, 3 F.3d 35, 39 (2d Cir.1993) (whether payment is support is matter of federal bankruptcy law, not state law); *In re Sampson*, 997 F.2d 717, 725 (10th Cir.1993) (obvious need for support at time of divorce is enough to presume payment was intended as support); *In re Yeates*, 807 F.2d 874 (10th Cir.1986) (evidence that payment of debt is necessary to maintain daily necessities such as housing indicates that parties intended debt to be in nature of support).

The Court ordered alimony of $300.00 per month. Had the Debtor paid the monthly mortgage of $540.00, the wife would have benefitted by that sum and $375.00 in rental income from her solely owned home. Her total support would then be $840.00 per month plus whatever portion of the rental income was not consumed by mortgage, taxes, insurance, and maintenance. Given Debtor's monthly income of $3,700.00 and the wife's of $1,200.00 after a 14 year marriage, the provision to pay the mortgage was clearly in the nature of support.

▮ Alternatively, even if the provision is viewed as a division of property the debt is excepted from discharge. Debtor's burden is to produce evidence of either exception of Section 523(a)(15). Debtor has failed to do so. Given his income of $44,000.00 per year he clearly cannot repay this in a lump sum payment; however, he has the "ability to pay" the debt over time. Moreover, in balancing the equities, I find that the detrimental effect of discharging this debt on the wife exceeds the benefit to debtor of the discharge. Wife's income at the time of trial had been reduced from $1,200.00 per month to $550.00 per month. In that context, nonpayment of this sum would be far more detrimental to the wife's well-being than the benefit Debtor would receive from discharging the debt.

### *ORDER*

Accordingly, the debt of $62,000.00 in favor of wife is excepted from discharge. Debtor's plan will be amended to provide for the allowance of said claim, payments to the Trustee are increased to $750.00 per month, and the balance of the wife's claim at the conclusion of the case is not dischargeable. The Clerk shall assign a continued confirmation hearing.