In re Alfred M. CARROLL, Debtor.

Rebecca E. CARROLL, Plaintiff,

v.

Alfred M. CARROLL, Defendant.

Bankruptcy No. 94–57339.
Adv. No. 95–0027.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 12, 1995.

Barry W. Epstein, Columbus, Ohio, for Plaintiff.

Samuel L. Calig, Columbus, Ohio, for Defendant.

## ORDER AND JUDGMENT ON COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matter before the Court is the Complaint to Determine Nondischargeability of Debts and for Judgment filed by Plaintiff Rebecca E. Carroll against her former husband, Debtor Alfred M. Carroll. The matter came on for trial on August 15, 1995, at which time the parties were afforded the opportunity to present argument and evidence in support of their respective positions.

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### I. Findings of Fact

Plaintiff and Defendant were married on March 2, 1974, and one child was born as issue of said marriage on January 20, 1977. Debtor filed a Complaint for Divorce in the Domestic Relations Court for Franklin County, Ohio, and a Judgment Entry—Decree of Divorce was signed on June 17, 1994 by the Domestic Relations Court Judge.

The Judgment Entry—Decree of Divorce included a provision under the section titled

"Debts" requiring Debtor to pay the sum of $1,785.00 to Rebecca E. Carroll as one-half of the unpaid mortgage for the marital residence between October 1992 and February 1993; and $256.00 to Rebecca E. Carroll as one-half of the house repairs for the marital residence from October 1992 through June 17, 1994. In addition, the Decree of Divorce included a provision under the section titled "Spousal Support" requiring Debtor to pay Rebecca E. Carroll the sum of $3,585.00 for attorney fees incurred in the domestic relations case. Of final relevance for this proceeding, the Decree of Divorce included a provision under the section titled "Property Division" that awarded Rebecca E. Carroll an amount equal to one-half of 9/21 (9/42) of Debtor's Air Force Retirement Benefits effective June 17, 1994.

During the trial of this matter, Rebecca E. Carroll testified that Debtor refused to pay the amounts set forth in the Divorce Decree, that she was no longer receiving child support payments due to the fact that the child from the marriage had reached the age of majority, that her approximate net monthly income is $2,200.00, and her approximate monthly expenses total $2,500.00. Rebecca Carroll also testified that it was her understanding and expectation that her award of temporary spousal support, that would end in June 1994, would be replaced by her interest in Debtor's Air Force Retirement Benefits, and that such payment was necessary in order to meet her monthly expenses. Rebecca Carroll also testified that she had continued expenses for her daughter, who lived at home with Rebecca Carroll, and that Rebecca Carroll had agreed to help pay for her daughter's college education. Rebecca Carroll testified repeatedly that she was having trouble meeting her monthly expenses without receiving the expected contribution from Debtor's Air Force Retirement Benefits.

Debtor testified that his adjusted gross income for the tax year 1994 was $39,248, including his military retirement benefits. Debtor further testified that his military retirement benefits of $873.54 per month are payable until his death, and may increase based on the cost of living. Plaintiff's Exhibit 9 is entitled Leave and Earnings Statement, and shows Debtor's bi-weekly gross pay to be $1,335.20, or $34,715.20 annually. Plaintiff's Exhibit 7 (Debtor's Schedule J—Current Expenditures of Individual Debtor filed with Debtor's bankruptcy petition) shows total monthly expenses of $1,925.00, but includes a $150.00 per month payment on a tax debt that has now been satisfied. Plaintiff's Exhibit 8 (Schedule I—Current Income of Individual Debtor filed with Debtor's bankruptcy petition) shows Debtor's combined monthly net income to be $1,954.17, but includes a $390.00 deduction for child support for which Debtor is no longer obligated. As such, the actual total combined monthly net income pursuant to Debtor's Schedule I is $2,344.17. Debtor testified that he uses the income above his personal expenses at his discretion.

Plaintiff herein, Rebecca E. Carroll, has alleged that Debtor's obligation to her is nondischargeable either under 11 U.S.C. § 523(a)(5) as an obligation in the nature of alimony, support or maintenance; or pursuant to 11 U.S.C. § 523(a)(15) as an obligation incurred by the Debtor in the course of a divorce or in connection with a divorce decree.

## II. Conclusions of Law

■ While a great deal of case law exists interpreting 11 U.S.C. § 523(a)(5), the same cannot be said with respect to new 11 U.S.C. § 523(a)(15). The language of § 523(a)(15) implies that the Court initially decide whether the debt falls within the exception to discharge set forth in § 523(a)(5), inasmuch as § 523(a)(15) concerns a debt "not of the kind described in paragraph (5)". However, in a case where the plaintiff brings the complaint alleging alternative theories of recovery under either § 523(a)(5) or § 523(a)(15), the Court does not believe it necessary to make an exhaustive determination of nondischargeability under § 523(a)(5) where the case for nondischargeability under § 523(a)(15) is clear. The Court will therefore address the nondischargeability of this debt pursuant to § 523(a)(15) without making any specific findings as to whether the debt

could also be considered nondischargeable under § 523(a)(5).

11 U.S.C. § 523(a) provides as follows:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

The creditor bears the burden of proof by preponderance of the evidence with respect to most dischargeability actions. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Throughout the trial in this matter, the parties made many references to the burden of proving dischargeability of the relevant debt. However, from a review of the language of § 523(a)(15), it would be anomalous to place the burden of proving the Debtor's inability to pay the debt [§ 523(a)(15)(A)] on the Plaintiff inasmuch as there would be no motivation for the Plaintiff to meet that burden. Section 523(a)(15)(B) creates an additional exception to nondischargeability if discharging the debt would result in a *benefit to the Debtor that outweighs the detrimental consequences* to a spouse or a child of the Debtor. Again, it would be inconsistent to place on the Plaintiff the burden of proving a benefit

to the Debtor that outweighs the detrimental consequences to Plaintiff and others inasmuch as the Plaintiff would have no impetus to meet that burden. The language in § 523(a)(15) has been described as establishing a "rebuttable presumption that any property settlement obligation arising from a divorce is nondischargeable unless the Debtor can prove [one of the exceptions in § 523(a)(15)(A) or (B) ]." *Becker v. Becker (In re Becker)*, 185 B.R. 567, 569 (Bankr. W.D.Mo.1995). The Court therefore holds that the Plaintiff must merely establish that the relevant debt is incurred by the Debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record. Upon such a showing, the burden of proof will necessarily shift to the Debtor who must prove either an inability to pay the debt under § 523(a)(15)(A), or that the discharge would result in a benefit to the Debtor that outweighs the detrimental consequences to the Debtor's spouse or children under § 523(a)(15)(B).

The first step in contesting the presumed nondischargeability of the debt here is for the Debtor to prove an inability to pay the debt. 11 U.S.C. § 523(a)(15)(A). Section 523(a)(15) concerns the relative positions of the parties as of the date of the filing of the bankruptcy, not as of the date of the divorce. *Becker*, at 568. The debt will be dischargeable if paying the debt reduces the debtor's current income below that necessary for the support of the debtor and the debtor's dependents. 140 Cong.Rec.H. 10752–1 (daily ed. 10–4–94).

The Court finds that the language of § 523(a)(15)(A) is analogous to the language of the disposable income test in 11 U.S.C. § 1325(b)(2). *In re Hill*, 184 B.R. 750, 752 (Bankr.N.D.Ill.1995). While there is a wide variety of case law determining what expenses are "reasonably necessary" for the support of the Debtor and the Debtor's dependents, unlike the *Hill* case, regardless of which standard is applied to the present case, the Debtor's financial condition clearly allows him to make the requisite payments to Plain-

tiff without jeopardizing his ability to provide support for himself or his dependents.

Even under the most generous analysis of Debtor's financial circumstances, Debtor testified that he has experienced an increase in his earnings, and has at least $400.00 per month after payment of all necessary expenses that he uses at his discretion. A review of the schedules attached to Debtor's Chapter 7 bankruptcy filing support this testimony. Debtor's Schedule of Current Income (Plaintiff's Exhibit 8) shows total combined monthly income of $1,954.17, including a $390.00 per month child support payment that Debtor testified he is no longer obligated to make. Adding the child support payment back into Debtor's income shows actual total monthly income of $2,344.17. Debtor's Schedule of Current Expenditures (Plaintiff's Exhibit 7) shows total monthly expenses of $1,925.00. Even without making any adjustments to Debtor's Schedule of Current Expenditures, Debtor has $419.17 of disposable income that could be used to satisfy the obligation to Plaintiff. This is especially true in light of Debtor's testimony that his obligation for payment of taxes in the amount of $150.00 per month, as set forth on his Schedule of Current Expenditures, has been satisfied. This further raises Debtor's disposable income, after payment of all necessary expenses, to $569.17 per month. While the Court is skeptical of Debtor's listed expenses in the amount of $250.00 a month for utilities for a two-bedroom apartment, $325.00 a month for food for a single person, and clothing purchases in the amount of $150.00 per month, the Court need not make a ruling on those matters in light of the clear ability of Debtor to pay the relevant obligation.

Even if Debtor is able to pay the obligation under 11 U.S.C. § 523(a)(15)(A), the debt can still be dischargeable if Debtor proves that discharging the debt would result in a benefit to the Debtor that outweighs the detrimental consequences to Plaintiff. 11 U.S.C. § 523(a)(15)(B). In light of the lack of an analogous Bankruptcy Code provision, in weighing the relative benefit and detriment under § 523(a)(15)(B), the Court must examine factors such as the income and expenses of both parties, the nature of the debts, and the non-Debtor spouse's ability to pay relevant debts. The Court must therefore review the totality of the circumstances, and make a determination as to the relative impact of discharging the obligation. *See Hill,* at 755. The totality of the circumstances here facilitates the Court's decision. Plaintiff testified that she was currently unable to meet her monthly obligations without receiving the expected payment from Debtor. Plaintiff also testified that she expected to contribute to her daughter's college education, and "hoped" that Debtor would do the same. However, based on the multiple contempt actions that had to be brought against Debtor for his failure to comply with the Orders of the Domestic Relations Court, the Court would be hesitant to place too great of a reliance on Debtor's agreement to make such contributions.

Debtor received a discharge pursuant to his bankruptcy filing on May 26, 1995, thereby providing Debtor with a fresh start free of dischargeable debts. Debtor's Schedules of Income and Expenses show that the benefit to the Debtor from discharging the obligations to Plaintiff pursuant to the Divorce Decree would be minimal in comparison to the detrimental consequences to Plaintiff. Debtor's monthly income clearly is sufficient in light of his appropriate expenses to allow him to satisfy the obligation to Plaintiff. Discharging this obligation would simply provide Debtor with additional disposable income to "use at his discretion." This is not the type of benefit that § 523(a)(15)(B) sought to protect. The Court therefore finds that the benefit of the discharge to the Debtor does not outweigh the detrimental consequences to the Plaintiff.

Based on the foregoing, it is hereby

ORDERED THAT all obligations owing to Plaintiff set forth in the Judgment Entry— Decree of Divorce from the Franklin County Court of Common Pleas, Division of Domestic Relations are nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

IT IS SO ORDERED.