In re John L. MELTON, Debtor.

Debra A. Melton, Plaintiff,

v.

John L. Melton, Defendant.

Bankruptcy No. 97–3322.

United States Bankruptcy Court,
N.D. Ohio.

Aug. 10, 1998.

Debra A. Melton, Bryan, OH, John J. Hunter, Jr., Toledo, OH, for plaintiff.

John L. Melton, West Unity, OH, Gordon R. Barry, Toledo, OH, for defendant.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Chief Bankruptcy Judge.

This cause comes before the Court after Trial on Complaint to Determine Dischargeability of Certain Debts—11 U.S.C. § 523. This Court has reviewed the arguments of counsel, evidence presented at Trial, and the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the debts at issue are nondischargeable to the extent determined in this Opinion.

### FACTS

On February 6, 1997, Plaintiff and Defendant ended their marriage through an agreed Judgment Entry entered in the Court of Common Pleas of Williams County, Ohio. Two children were born as issue of this marriage, both of whom remain under the age of majority. The issue to be determined in this proceeding is the dischargeability of certain credit cards which Defendant agreed to pay via the Judgment Entry. These debts, and their respective amounts, are as follows:

| | |
|---|---|
| CitiBank Visa | $ 5,678.34 |
| Star Bank | $ 5,062.77 |
| National City Bank | $ 6,073.49 |
| Total | $16,814.60 |

Regarding the CitiBank and Star Bank debts, the Judgment Entry provides that "[T]he Defendant shall be responsible for the indebtedness owing on the credit cards accounts through Star Bank and City Bank, which are held in [Debra Melton's] name."

The debt presently owing on the National City Bank credit card, which was jointly in Plaintiff's and Defendant's name, arose after the date of the Judgment Entry and the parties' divorce. The parties agree that Defendant is liable for this debt pursuant to the provision in the Judgment Entry which provides: "The parties hereto agree to pay all debts incurred by him or her subsequent to the date of their separation, and to save the other party harmless from any liability thereon." Defendant claims that Plaintiff's liability for this debt was a mistake. Defendant testified that when he applied for a new credit card with National City Bank after the divorce, National City Bank reactivated the old account in both Plaintiff's and Defendant's names, rather than starting a new account in only Defendant's name. Plaintiff is now receiving dunning letters concerning this debt. Defendant argues that Plaintiff is not legally obligated to pay this debt.

■ At trial, schedules and pay records were offered which show the present income, payroll deductions, and household expenses of Defendant and Plaintiff. Defendant has also provided the income and expenses of his current wife, Mary Melton. At trial, Mary Melton testified that she has children from a previous marriage who are past the age of majority, but to whom she provides support, though there is no legal obligation to do so. This Court finds that in this particular case it would be inequitable to not allow Mary Melton to provide such support to her children. However, it would also be inequitable in this particular case to allow Mary Melton's nonlegal obligations to her children from her previous marriage to interfere with John Melton's legal obligations to his former wife, and his childrens' household. Accordingly, this Court will consider only Defendant's income, his expenses, and his share of joint expenses, when determining his ability to pay the debts at issue in this case.

The following are this Court's factual findings as to the income and expenses reasonably necessary to be expended for the maintenance or support of the Defendant and Plaintiff:

Income—

| | John Melton (bi-weekly) | Debra Melton (weekly) |
|---|---|---|
| Gross | $1,430.71 | $365.38 |
| Less: | | |
|     Taxes | 433.37 | 85.72 |
|     Child support/alimony | 413.40 | |
|     401–K | | 18.27 |
|     Loan | | 14.64 |
|   Net | 583.94 | 246.75 |
| Monthly equivalent | 1,265.20 | 1,069.25 |
| Other income: | | |
|     Tax refund | 200.00 | |
|     Child support/alimony | | 413.40 |
| Individual monthly net income | 1,465.20 | 1,482.65 |

Expenses—

| | John Melton | Debra Melton |
|---|---|---|
| Rent | $282.50 | $540.51 |
| House insurance | 10.67 | |
| Real estate taxes | 25.34 | |
| Utilities: | | |
| Electric | 57.50 | 137.00 |
| Heat | 42.50 | |
| Water | 7.50 | 20.00 |
| Telephone | 20.00 | 20.00 |
| Cable | 7.50 | 26.00 |
| Garbage removal | 6.50 | |
| Food | 250.00 | 450.00 |
| Clothing | 37.50 | 100.00 |
| Laundry/Dry Cleaning | 15.00 | 15.00 |
| Medical/Dental | 20.00 | 172.00 |
| Gasoline for auto | 60.00 | 60.00 |
| Insurance | | |
| Life | 59.00 | |
| Auto | 40.00 | 50.00 |
| Newspapers/magazines | | |
| Maintenance: | | |
| Home | 37.50 | 37.50 |
| Autos | 50.00 | |
| Union dues | 25.75 | |
| Auto payments: | 200.00 | |
| Installments payments: | | |
| Ft. Wayne National | | 58.56 |
| PNC Bank | | 58.00 |
| Chevy Chase | | 28.00 |
| Stage-Milliken | | 50.00 |
| Karen K. Gallagher, Esq. (divorce attorney) | | 50.00 |
| Miscellaneous/Personal expenses: | | |
| Lessons for children | | 65.00 |
| Child care | | 35.00 |
| Total monthly expenses | 1,254.76 | 1,972.57 |
| Total monthly net income | 1,465.20 | 1,482.65 |
| Monthly surplus (deficit) | $210.44 | ($489.92) |

---

### LAW

The Bankruptcy Code, 11 U.S.C. § 523, et al., provides, in pertinent part:

**11 U.S.C. § 523. Exceptions to Discharge**

(a) A discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this section does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

## DISCUSSION

Determinations concerning the dischargeability of particular debts are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(i). Thus, this case is a core proceeding.

■ Plaintiff brings this action under § 523(a)(15) of the Bankruptcy Code. Section 523(a)(15) provides that debts incurred in a divorce proceeding are generally nondischargeable in bankruptcy, unless at least one of two exceptions apply. *In re Patterson*, 132 F.3d 33, 1997 WL 745501 (6th Cir.). See also, *Macy v. Macy*, 114 F.3d 1, 3 (1st Cir. 1997); *In re Kritt*, 190 B.R. 382, 385 n. 4 (9th Cir. BAP 1995). The first exception is that the debtor does not have the ability to repay the debt. 11 U.S.C. § 523(a)(15)(A). The second exception is that the benefit of discharge to the debtor would outweigh the detrimental consequences to the spouse, former spouse, or child of the debtor. 11 U.S.C. § 523(a)(15)(B). Contrary to Defendant's assertion at trial, there is no hidden requirement in § 523(a)(15) that the divorce decree or separation agreement giving rise to the debt at issue contain "hold harmless" or other indemnification provision. *In re Gibson*, 219 B.R. 195 (6th Cir. BAP 1998).

■ The spouse, former spouse, or child of the debtor bears the initial burden of establishing that the debt at issue was incurred by the debtor in the course of a divorce or separation, or in connection with a separation agreement, divorce decree or other order of a court of record. *In re Henderson*, 200 B.R. 322, 324 (Bankr. N.D.Ohio 1996); *In re Smither*, 194 B.R. 102, 107 (Bankr.W.D.Ky.1996). Upon such a showing by the objecting creditor, the burden of proof then shifts to the debtor to establish either an inability to pay under § 523(a)(15)(A), or that a discharge would result in a benefit to the debtor that would outweigh the detriment to the plaintiff under § 523(a)(15)(B). *Henderson* at 324; *Smither* at 107; *In re Carroll*, 187 B.R. 197, 200 (Bankr.S.D.Ohio 1995). The debt at issue in this case was undisputably incurred in connection with the parties' divorce decree, and the parties do not dispute that the debt is not a support payment. Therefore, the burden shifts to the Defendant to prove his right to discharge this debt under § 523(a)(15).

■ This Court must first determine whether the debtor has the ability to repay the debt pursuant to § 523(a)(15)(A). The

Defendant's financial condition at the time of trial should be the starting point for making this determination. *Henderson,* 200 B.R. at 326; *Carroll,* 187 B.R. at 200; *Smither,* 194 B.R. at 108 (A court may consider facts and circumstances concerning a debtor's future earning potential, as well as his or her income as of the date of the trial in determining his or her ability to pay). If the debtor does not have the ability to repay the debt, this ends the matter and the debt is discharged under § 523(a)(15)(A). Even if the debtor does have the ability to repay the debt, the debtor could still obtain a discharge under § 523(a)(15)(B) if discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to the debtor's former spouse or children.

■ Defendant has excess monthly income over expenses in the amount of approximately Two Hundred Dollars ($200.00), and Defendant's income and expenses appear stable. However, a court should also consider the amount of the debt involved in determining whether a debtor has the ability to repay it. *Smither,* 194 B.R. at 108. In this case the debts at issue total over Sixteen Thousand Dollars ($16,000.00). It has been held that under § 523(a)(15) a debt may be partially discharged according to the facts of the particular case, just as with determinations of dischargeability of student loan debts under § 523(a)(8). *Smither* at 109–110, following *In re Comisky,* 183 B.R. 883, 884 (Bankr.N.D.Cal.1995). This Court has found this practice equitable and pragmatic, and has adopted such a rule. *In re Perkins,* 221 B.R. 186 (Bankr.N.D.Ohio 1998). However, before proceeding to a partial repayment analysis, this Court should first determine whether the Defendant can have the debt discharged in full under § 523(a)(15)(B). *Id.* Accordingly, this Court must proceed to a balancing of hardships.

■ It is clear from the language of the statute that when determining whether a debt is nondischargeable under § 523(a)(15)(B), a court must compare the standard of living of the debtor against the standard of living of his former spouse and/or children to determine whether the debtor will "suffer more" by not receiving a discharge of the debts in question. *Smither,* 194 B.R. at 110, citing *In re Phillips,* 187 B.R. 363 (Bankr.M.D.Fla.1995). "[T]he best way to apply the 11 U.S.C. § 523(a)(15)(B) balancing test is to review the financial status of the debtor and the creditor and compare their relative standards of living to determine the true benefit of the debtor's possible discharge against any hardship the spouse, former spouse and/or children would suffer as a result of the debtor's discharge." 194 B.R. at 111.

■ In this case the Court finds that Defendant has not met his burden of showing that he is entitled to a discharge under § 523(a)(15)(B). Though the incomes of Defendant and Plaintiff are roughly equal after adjustments for support payments, it is clear that Plaintiff has additional expenses as a result of caring for the parties' two children, and because she does not have another wage earner with which to split household expenses. Also, as a result of the bankruptcy Defendant does not have other credit card and installment debts as does Plaintiff.

■ However, Defendant clearly does not have the ability to pay the present judgment all at once. Thus, we return to the partial repayment analysis as affecting Defendant's ability to repay under § 523(a)(15)(A). See *Smither,* 194 B.R. at 109. In determining a partial repayment amount, this Court must be careful not to reduce the debtor's standard of living substantially below that of the plaintiff, as doing so would be in contravention of the purposes of § 523(a)(15).

Considering the factors above as well as the Debtor's income and expenses, this Court finds that the Defendant has the ability to make payments to Plaintiff on the fifteenth of every month commencing after the date of this Opinion in the amount of Two Hundred Dollars ($200.00) for a period of five years. Plaintiff shall in turn use these payments to make payments on the debts at issue herein.

Plaintiff may apportion the amount of the payments between the debts at issue as she sees fit. The entire balance of the debts at issue will become immediately due and payable if Defendant fails to make any of these payments. If for any reason Plaintiff's legal obligation to repay the debts at issue terminates, Defendant's legal obligation to Plaintiff as to these debts shall likewise terminate.

This Court is also aware that Defendant believes that Plaintiff may not have a legal obligation to pay the National City Bank debt at issue. If this is true, then Defendant will have no obligation to in turn repay Plaintiff. However, it was Defendant who caused this card to be reissued after their marriage (though Defendant claims it was inadvertent), and it was he who charged the entire balance on the card for such unnecessary expenses as a computer (which he presently still has). This Court therefore finds, pursuant to equity and the parties divorce Judgment Entry, that it is Defendant's responsibility to rectify the situation, including any reasonable attorney's fees that may be necessary to do so. This Court will also note that the exclusion of this debt from the total at issue herein would not change the result in this case.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that Defendant's legal obligation to Plaintiff regarding the debts at issue herein is *NONDISCHARGEABLE* to the extent that Defendant shall pay Plaintiff the sum of Two Hundred Dollars ($200.00) on the fifteenth of every month, commencing in the month following the date of this Opinion, and continuing for a period of five years. Defendant shall apply such sums each month to the debts at issue herein. If Defendant fails to make any payments, the balance of the debts at issue shall become immediately due and payable. If for any reason Plaintiff's legal obligation to repay these debts terminates, Defendant's obligation to Plaintiff shall likewise terminate.