In re Steven Phillip ADAMS, Debtor.

Stephanie Adams, Plaintiff,

v.

Steven Phillip Adams, Defendant.

Bankruptcy No. 99–3093.
Related No. 99–30375.

United States Bankruptcy Court,
N.D. Ohio.

Oct. 15, 1999.

Maria L Hypes, Marion, OH, for plaintiff.

Jay D Wagner, Galion, OH, for defendant.

## DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

The cause now before the Court is an adversary proceeding, brought in conformance with FED.R.BANKR.P. 7001 and 7056, to determine the dischargeability of a marital debt in a 401(K) Plan. As this case is presented to the Court by way of a Summary Judgment Motion submitted by the Plaintiff, the Court must rule in favor of the Defendant unless it finds that there are no genuine issues as to any material fact and the Plaintiff, as the moving party, is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ The Plaintiff brings her nondischargeability action under § 523(a)(15) of the Bankruptcy Code which excepts from a bankruptcy discharge those debts incurred in connection with a divorce or separation, unless the debtor does not have the ability to pay the debt or unless discharging the debt would result in a benefit to the debtor which outweighs the detrimental consequences to the former spouse. Specifically, § 523(a)(15) provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

■ In any action brought under § 523(a)(15), the creditor/spouse contesting the dischargeability of the marital debt bears an initial burden of proof to show that the debt at issue arose from a divorce or separation and that such debt is not in the nature of support. *Newcomb v. Miley (In re Miley),* 228 B.R. 651, 656 (Bankr. N.D.Ohio 1998). In this case, however, there is absolutely no doubt that the Plaintiff has met this burden as the facts of this case clearly shows that on November 18, 1998, the Marion County Court of Common Pleas, through an entry of divorce, ordered that the Defendant's 401(K) Plan, having an approximate value of Sixteen Thousand ($16,000.00) Dollars, be divided equally between the Parties by means of a qualified domestic relations order.[1]

The Defendant, however, asserts that the Plaintiff has not presented sufficient evidence to meet her burden of proof with respect to establishing that the exceptions to nondischargeability contained in subparagraphs (A) or (B) of § 523(a)(15) are not applicable. Stated in another way, the Defendant asserts that under the Bankruptcy Code the burden of proof is placed upon the Plaintiff to establish that either,

---

1. It should be noted for the record that the attorney representing the Defendant in the Parties' divorce action never actually prepared the qualified domestic relations order as required by the state court. Consequently, when the Defendant, on February 4, 1999, filed for relief under Chapter 7 of the United States Bankruptcy Code, the Defendant listed the Plaintiff as a creditor holding an Eight Thousand ($8,000.00) Dollar unsecured nonpriority claim against the Defendant's 401(k) Plan.

(1) the Defendant, as the debtor, has the ability to pay the debt, or (2) that the detriment to the Plaintiff or her dependents from the Defendant's nonpayment of the debt would outweigh the benefits that the Defendant would receive if the debt were to be discharged.

■ This Court, however, has on more than one occasion rejected this argument, and has instead followed the majority of federal courts which have allocated to the debtor the burden of proving that one of the exceptions to nondischargeability under § 523(a)(15) is applicable. *Newcomb v. Miley (In re Miley)*, 228 B.R. 651, 656 (Bankr.N.D.Ohio 1998); *Melton v. Melton (In re Melton)*, 228 B.R. 641, 645 (Bankr. N.D.Ohio 1998); *Perkins v. Perkins (In re Perkins)*, 221 B.R. 186, 190 (Bankr. N.D.Ohio 1998); *Cooke v. Cooke (In re Cooke)*, 213 B.R. 830, 834 (Bankr.N.D.Ohio 1997). Recently, the Bankruptcy Appellate Panel for the Sixth Circuit concurred in this conclusion. *Hart v. Molino (In re Molino)*, 225 B.R. 904, 907 (6th Cir. BAP 1998). Therefore, in order for the Defendant to prevail in this case, he must establish by a preponderance of the evidence that either he does not have the ability to pay the debt, or that the detriment of a discharge to his ex-wife and her dependents would be outweighed by the benefits to him. *Id.* at 909; *Dunn v. Dunn (In re Dunn)*, 225 B.R. 393, 399 (Bankr.S.D.Ohio 1998)

Notwithstanding this burden of proof allocation, as this case is before the Court upon the Plaintiff's Motion for Summary Judgment, the Plaintiff bears an initial burden to show that the evidence of record would not permit the Defendant, as the nonmovant, to carry his burden of proof at trial. *Celotex v. Catrett*, 477 U.S. 317, 324–27, 106 S.Ct. 2548, 2553–55, 91 L.Ed.2d 265 (1986). Under Rule 56 of the Federal Rules of Civil Procedure, which is made applicable to this proceeding by

Bankruptcy Rule 7056, this requirement can be accomplished by the Plaintiff identifying those portions of the record which highlight the absence of genuine factual issues. *See, e.g., Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir.1995). However, once the movant has met this burden, the nonmovant may not thereafter simply rest on the denials contained in his pleadings and other supporting memorandum, but must instead direct the Court's attention to evidence in the record sufficient to establish that there are genuine issues of material fact for trial. That is, the nonmovant must come forward with evidence which would be sufficient to survive a motion for a directed verdict at trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir.1996).

■ In this case, the Court finds that the Plaintiff has met her above enumerated burden by directing the Court's attention to the following two facts: First, the Plaintiff points out that the Defendant, as a part of his bankruptcy petition, listed the full value of the 401(K) as his personal property [2], thus ostensibly demonstrating that he has the ability to pay his debt to the Plaintiff under § 523(a)(15)(A). Second, in conformity with refuting the exception to nondischargeability contained in § 523(a)(15)(B), the Plaintiff has provided an affidavit to the Court whereby she affirms that the soundness of her financial situation is, at least in part, dependent upon her receiving possession of the 401(K) funds awarded to her in the state court divorce proceedings.

By comparison, the Defendant has not presented any evidence tending to demonstrate that one of the exceptions to nondischargeability contained in § 523(a)(15) is applicable. For example, no evidence was produced by the Defendant tending to show that the Plaintiff enjoys a substantially higher standard of living than the

---

**2.** It should also be noted that the bankruptcy trustee found this property to be exempt, and thus abandoned the property.

Defendant, or that the Defendant needs immediate access to all the funds in the 401(K) Plan in order to meet his basic living expenses. In addition, the Court, after reviewing the schedules contained in the Defendant's bankruptcy petition, notes that the Debtor has a surplus in his income versus expenses of approximately Four Hundred ($400.00) Dollars per month, thus making it doubtful that the Defendant, even with supporting evidence, could ultimately satisfy his burden of proof under either of the exceptions contained in § 523(a)(15). Thus, even when viewing things in a light most favorable to the Defendant, and giving him the benefit of all reasonable inferences, the Court finds that Summary Judgment in favor of the Plaintiff is appropriate. The Court, however, declines to award the Plaintiff the cost of this action as prayed for.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment submitted by the Plaintiff, Stephanie Adams, be, and is hereby, GRANTED, and that one-half (½) of the funds in the Defendant's 401(K) Plan is hereby determined to be a nondischargeable debt to the Plaintiff pursuant to 11 U.S.C. § 523(a)(15).